AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. 1:23-MJ-00927 |
| THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER ███ 3019 | ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____ District of _____ New Jersey _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(a)(2) | False Statement During Purchase of a Firearm |

The application is based on these facts:

See affidavit in support of search warrant. To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by the ATF. See 18 U.S.C. §§ 3122(b), 3123(b).

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Derek Graham*

*Applicant's signature*

SA Derek Graham, ATF

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ FaceTime video conference _____ *(specify reliable electronic means).*

Date: **Nov 14, 2023**

*Stephanie K. Bowman*

*Judge's signature*

City and state: Cincinnati, Ohio

Hon. Stephanie K. Bowman, U.S. Magistrate Judge

*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number ███████ 3019, with an unknown subscriber **(TARGET CELL PHONE)**, whose wireless service provider is Verizon, a company that accepts service of legal process at 180 Washington Valley Road, Bedminster, NJ 07921.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of Verizon, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## <u>ATTACHMENT B</u>

## **Particular Things to be Seized**

### I.       **Information to be Disclosed by the Provider**

1.   *Historical and Subscriber Information*. To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under <u>18 U.S.C. § 2703(f)</u>, the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period **September 1, 2023, to present**:

   a.   The following information about the customers or subscribers of the Account:

       i.    Names (including subscriber names, user names, and screen names);
       ii.   Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
       iii.  Local and long distance telephone connection records;
       iv.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
       v.    Length of service (including start date) and types of service utilized;
       vi.   Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
       vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
       viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

   b.   All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

       i.    the date and time of the communication, the method of the communication, and the source and destination of the communication – i.e., call detail records - and records of data events across all networks (3G, 4G, 5G)
       ii.   All historical location information, including data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and

"sectors" (i.e., faces of the towers) received a radio signal from the Account for the time period **September 1, 2023 to present**. Included is any specialized location data commonly referred to as Network Element Location Service (NELOS), AriesoGeo, Per Call Measurement Data (PCMD), Real Time Tool (RTT), and/or Timing Advance/TruCall.

   c. The Provider shall deliver the information set forth above within **3 days** of the service of this warrant and the PROVIDER shall send the information via facsimile or United States mail, and where maintained in electronic form, on CD-ROM or an equivalent electronic medium, to:

> Bureau of Alcohol, Tobacco, Firearms & Explosives
> 550 Main Street, Ste 8-491
> Cincinnati, OH 45202
> Fax: 513-684-6359

2. *Prospective Location Information*. The Provider shall provide all prospective location information about the location of the Target Cell Phone described in Attachment A for a period of **thirty days**, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A. To the extent that the location information is within the possession, custody, or control of Provider, Provider is required to disclose the Location Information to the government. In addition, Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

3. *Prospective Pen-Trap Information*. Pursuant to 18 U.S.C. § 3123, the ATF may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone identified in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

- IP addresses associated with the cell phone device or devices used to send or receive electronic communications
- Identity of accounts that are linked by creation IP address, recovery email, telephone number, or other identifiers
- Identity of all accounts that are linked to the account by cookies

2

- Any unique identifiers associated with the cell phone device or devices used to make and receive calls with the cell phone identified in Attachment A, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN
- IP addresses of any websites or other servers to which the cell phone device or devices connected
- Source and destination telephone numbers and email addresses
- "Post-cut-through dialed digits," which are digits dialed after the initial call set up is completed, subject to the limitations of 18 U.S.C. § 3121(c)

Pursuant to 18 U.S.C. § 3123(c)(1), the use and installation of the foregoing is authorized for **thirty days** from the date of this Order. Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

## II.    Information to be Seized by the Government

1.    All information described above in Section I that constitutes evidence of violations of 18 U.S.C. §§ 922(a)(6) (False Statement During Purchase of a Firearm) by TIMOTHY MOORMAN, and other known and unknown coconspirators.

This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2).

Pursuant to 2703(g), the presence of an agent is not required for service or execution of this warrant.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER ████ **3019** | Case No. **1:23-MJ-00927** <br><br> **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Derek Graham, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number ████ **3019, (the "Target Cell Phone"**), whose service provider is Verizon, a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, NJ 07921.  The **Target Cell Phone** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act.  *See* 18 U.S.C. §§ 3121-3127.  The requested warrant therefore includes all the information required to be included in an order pursuant to that statute.  *See* 18 U.S.C. § 3123(b)(1).

3.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), and have been so employed since October of 2007.  As a part of my training with the ATF, I graduated from the Federal Law Enforcement Training Center, Criminal

Investigator School, located in Brunswick, Georgia. I graduated from the ATF Special Agent

Basic Training Academy, located in Brunswick, Georgia, in April 2008. Prior to my

employment with ATF, I was a Federal Air Marshal in the Department of Homeland Security

from June 2006 through October 2007. In addition, I was a Criminal Research Specialist with

the Washington, DC High Intensity Drug Trafficking Area/Drug Enforcement Administration

from June 2003 through June 2006. I am a graduate of Augustana College, where I received a

Bachelor's degree in Business Administration in May of 2002. I am also a graduate of Boston

University, where I received a Master's degree in Criminal Justice in June of 2006.

      4.     I have experience in the investigation, apprehension, and prosecution of

individuals suspected of being involved in federal firearms and drug offenses. I have specific

experience in investigating the use of cell phones by criminal suspects who are involved in the

commission of those offenses. I have been trained by ATF as a Digital Media Collection

Specialist (DMCS) and have completed more than 285 forensic extractions of cellular

telephones, computers, and other electronic storage media. I have also reviewed forensic

extractions of cellular telephones, computers, and other electronic storage media, and have

examined content and communications contained within these devices obtained by forensic

extraction. This content includes records of communication through call logs, text message

content, images and videos, and communication made through various social media applications.

      5.     I know from training and experience that individuals typically keep cell phones in

their residences, on their persons, or within their immediate control, such as in the cupholder of a

car they are driving, because cell phones are regularly used and possessed as an item of personal

property. I also know from my training and experience that in today's age it is typical for

individuals engaged in criminal activity to possess multiple active cellular phones at one time.

2

For example, many criminals have one phone that they use for personal communications (e.g., with family members) and another phone that they use to communicate with criminal associates.

6.     I also know based on my training and experience that, when individuals are involved in an illegal business, such as firearms or drug trafficking, those individuals commonly maintain in their residences, on their persons, and/or in their vehicles lists of customers, supplier lists, pay/owe sheets, receipts, address books, and other documents listing the price and quantity of items sold, as well as the date the items were purchased, possessed, and sold. These records may be stored in paper form or on electronic devices, such as cell phones and other electronic storage media.

7.     Additionally, based on my training and experience, I know that firearms traffickers commonly store in their residences and/or vehicles, as well as carry on their persons, fruits and contraband of their trafficking, such as firearms, ammunition, firearms accessories, and the proceeds of their trafficking. It is also common for individuals to carry on their person or in their vehicles items allowing them to access premises they control, such as house keys and garage-door openers, as well as documentation showing their association with certain premises, such as identification cards and other paperwork listing home addresses.

8.     Through training and experience, I have become familiar with firearms trafficking investigations and the analysis of ATF Form 4473s, ATF Trace Reports[1], ATF Multiple Sales

---

[1] An ATF Trace Report is a document detailing the information about the purchase of a firearm and the information related to the recovery of the firearm.  The information contained in the ATF Trace Report is obtained upon request by a law enforcement agency to identify the original purchaser of a recovered firearm.  A completed ATF Trace Report includes the identifying information of the firearm, including the recovery location and date; the Federal Firearms Licensee that transferred the firearm; and the information related to the purchaser of the firearm, which is obtained from the ATF Form 4473 – Firearms Transaction Record, provided by the Federal Firearms Licensee to the ATF National Tracing Center at the time firearm trace is requested.

Reports[2], and Federal Firearms Licensees Acquisition and Disposition Records[3]. I'm also experienced in analyzing ATF Trace Reports and ATF Multiple Sales Reports and identifying patterns and purchasing activity of suspected firearms traffickers. This includes the analysis of the number of days between the purchase of a firearm and the subsequent date law enforcement authorities recover said firearm(s). Analysis additionally involves the examination of relevant ATF Trace Reports and ATF Multiple Sales Reports involving a specific purchaser or possessor, and/or the volume, or make and model of particular firearms, identified as being purchased by suspects of firearms trafficking.

9.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all my knowledge about this matter.

10.     Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 922(a)(6) – False Statement During Purchase of a Firearm, were committed by TIMOTHY MOORMAN and other known and unknown coconspirators. There is also probable cause to search the location information described in Attachment B will constitute evidence of these criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses.

---

[2] An ATF Multiple Sale Report documents the information about the purchase of two or more pistols or revolvers by an individual at one time, or during five consecutive business days, from the same Federal Firearms Licensee. The Federal Firearms Licensee is required to complete an ATF Form 3310.4 – Report of Multiple Sale or Other Disposition of Pistols and Revolvers and submit this form to ATF.

[3] Acquisition and Disposition Records are required to be maintained by Federal Firearms Licensees, which documents all firearms that a Federal Firearms Licensee receives into, and distributes from, their inventory.

11.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

12.     The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711.  Specifically, the court is a district court of the United States that has jurisdiction over the offence being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

### A.  Introduction

13.     The United States is conducting a criminal investigation of TIMOTHY MOORMAN regarding possible violations of 18 U.S.C. § 922(a)(6).

14.     From September 29, 2023, through October 27, 2023, TIMOTHY MOORMAN purchased twenty-two firearms from Federal Firearms Licensees (FFL) in Cincinnati, OH.  The firearms MOORMAN purchased were all handguns.

15.     On October 24, 2023, and continuing through October 26, 2023, law enforcement agents conducted surveillance ███ ████████████████████████████████████ ████████████████████████████████. ████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████████

██████████████████████████ recovered the abandoned backpack, which contained thirty-six firearms.

16.     The firearms were submitted for tracing and eight of the firearms had been purchased by MOORMAN from October 16, 2023, through October 21, 2023.

17.     I have learned that MOORMAN purchased each of the firearms from North College Hill Gun Store, Target World, Range USA – Blue Ash, Range USA – Cincy West, and Bass Prop Shops Store #011, each located in the Southern District of Ohio.

**B.     On October 26, 2023,** ████████████████████
       **recovered thirty-six firearms from an abandoned bag** ████████
       ████████████

18.     On October 23, 2023, ███████████████████████████



19.     ███████████████████████████

███████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████

20.    ██████████████████████████████████

██████████████████████████ █████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

████████████████████



21.  recovered the abandoned backpack, which contained thirty-six handguns.

**C.     Eight of the thirty-six firearms recovered on October 26, 2023, had been purchased by Timothy MOORMAN.**

22.     The firearms recovered ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on October 26, 2023, were submitted for tracing to determine the purchaser of the firearms.  Eight of the thirty-six firearms had been purchased by MOORMAN in Cincinnati, OH from October 16, 2023, through October 21, 2023, as described below.

> a.  MOORMAN purchased the Glock 43x, bearing Serial No. AHVB218 from Bass Pro Shops on October 21, 2023.
>
> b.  MOORMAN purchased the Springfield Armory Hellcat bearing Serial No. BE100458, the Glock 43x bearing Serial No. CBGV468, and the Glock 43x bearing Serial No. CAZG326 from Range USA – Cincy West on October 19, 2023.
>
> c.  MOORMAN purchased the Glock 23 Gen 5 bearing Serial No. CAKR580 and the Glock 43 bearing Serial No. AHZD477 from Range USA – Cincy West on October 16, 2023.

      d.   MOORMAN purchased the Glock 43x bearing Serial No. BZVM543 and the

          Glock 43x bearing Serial No. CACT219 from Bass Prop Shops on October

          16, 2023.

23.    I have reviewed ATF Form 4473s and Multiple Sales Reports and learned that from September 29, 2023, through October 27, 2023, MOORMAN purchased twenty-two firearms from FFLs in Cincinnati, OH. The firearms purchased by MOORMAN at each respective FFL are detailed in the table below, with the recovered firearms[7] in bold type:

| FFL | Date | F/A Make | F/A Model | F/A Serial No. |
|---|---|---|---|---|
| North College Hill Gun Store | 10/27/2023 | Glock | 23 | CBGF444 |
| North College Hill Gun Store | 10/27/2023 | Glock | 27 | BY2K652 |
| North College Hill Gun Store | 10/27/2023 | Glock | 19 | CBNR555 |
| Target World | 10/27/2023 | Glock | TBD | TBD |
| Range USA - Blue Ash | 10/26/2023 | Glock | 19 Gen 5 | BWYT942 |
| Range USA - Blue Ash | 10/26/2023 | Glock | 43x | CAUM316 |
| Range USA - Blue Ash | 10/25/2023 | Glock | 26 | AGKD179 |
| Range USA - Blue Ash | 10/25/2023 | Glock | 27 Gen 5 | BYGL310 |
| Range USA - Cincy West | 10/24/2023 | Glock | 28 Gen 3 | AHSP847 |
| Range USA - Cincy West | 10/24/2023 | Glock | 28 Gen 3 | AHSF892 |
| Range USA - Cincy West | 10/24/2023 | Glock | 26 | CAKU238 |
| Range USA - Cincy West | 10/24/2023 | Canik Century Arms | TP9 Elite SC | 23CB07572 |
| **Bass Pro Shops** | **10/21/2023** | **Glock** | **43x** | **AHVB218** |
| Bass Pro Shops | 10/21/2023 | Glock | 30 | CAZA625 |
| **Range USA - Cincy West** | **10/19/2023** | **Glock** | **43x** | **CBGV468** |
| **Range USA - Cincy West** | **10/19/2023** | **Glock** | **43x** | **CAZG326** |
| **Range USA - Cincy West** | **10/19/2023** | **Springfield Armory** | **Hellcat** | **BE100458** |
| **Range USA - Cincy West** | **10/16/2023** | **Glock** | **23 Gen 5** | **CAKR580** |
| **Range USA - Cincy West** | **10/16/2023** | **Glock** | **43** | **AHZD477** |
| **Bass Pro Shops** | **10/16/2023** | **Glock** | **43x** | **BZVM543** |
| **Bass Pro Shops** | **10/16/2023** | **Glock** | **43x** | **CACT219** |
| Bass Pro Shops | 9/29/2023 | Glock | 23 | BZNF591 |

---

[7] The recovered firearms in bold are the same firearms described above that were recovered ██████████
██████

24.     The approximate price for twenty-two firearms purchased from September 29, 2023, through October 27, 2023, was $11,565.[8]

25.     Based on my experience with firearms trafficking investigations, and indicators of suspected firearms trafficking, I believe the short time period from when the firearms were purchased by MOORMAN to when they were recovered ████████████████, is an indicator that these firearms were not purchased for personal possession, but were in fact straw purchases.

26.     I also believe, based on the dates MOORMAN purchased the recovered firearms – being from October 16, 2023, through October 21, 2023 – that the other identified purchased firearms may still be in the possession of MOORMAN until he can, ██████████████████ ████████████████ give the firearms to other known or unknown coconspirators.

**D.     TIMOTHY MOORMAN provided information about his current residence during the purchase of firearms.**

27.     I have reviewed the ATF Form 4473 for each of the firearms purchased by MOORMAN from October 16, 2023, through October 27, 2023.  On the ATF Form 4473, MOORMAN documented his residence as ████████████████████

28.     On November 8, 2023, I queried a database available to law enforcement that includes State-issued identification information about Ohio residents.  I determined that MOORMAN has a current Ohio Driver's License issued to him documenting his address as 8835 ████████████████████

---

[8] The actual price of some of the firearms purchased from North College Hill Gun Store and Bass Pro Shops was not available at the time this affidavit was written.  Your affiant used the known price paid for the same make and model firearms from other FFLs to estimate the amount paid at the FFLs where that information was not immediately available.

E.  **The residence of** ███████████        is owned by ████
    ██████ **and a white Jeep Compass is also
    registered at that address.**

29.     On November 8, 2023, I queried the address of "████████ Road" in the

Hamilton County Auditor records. I determined that ████████ Road, Cincinnati, OH is

currently owned by Timothy Moorman, Sr. and Melissa Moorman.

30.     On November 8, 2023, I queried a database containing Ohio State Identification

information and determined that ████████████ (DOB 03/XX/1964) and ████

████████ (DOB 01/XX/1968) both have current Ohio State Identification cards listing the

address of ████████ Road, Cincinnati, OH. ██████████████████████

██████████████████████████████████████████████

██████████████████████████████

31.     On November 9, 2023, ATF Task Force Officer (TFO) Joseph Ruchti queried the

same database containing Ohio State Identification information for vehicles registered to ████

████ Road, Cincinnati, OH. TFO Ruchti identified a white 2022 Jeep Compass, with Ohio

Registration ████████ and VIN 3C4NJDBB7NT215734, registered to "Moorman Insurance,

Inc." at ████████ Road, Cincinnati, OH. I believe based on surveillance video from area FFLs

that I will later describe, and information provided by Individual 1, that MOORMAN operates

and has control of the white 2022 Jeep Compass.

F.  **A warrant for TIMOTHY MOORMAN for the charge of Domestic Violence
    was issued on October 30, 2023.**

32.     On October 30, 2023, Cincinnati Police Department (CPD) Police Officer ████

████ completed a complaint, and obtained an arrest warrant, from the Hamilton County

11

Municipal Court for MOORMAN. The warrant was issued in relation to a Domestic Violence incident by MOORMAN against the victim, Individual 1.



**H.   TIMOTHY MOORMAN provided telephone numbers and email addresses during the purchase of firearms.**

37.   MOORMAN provided telephone number the **Target Cell Phone** to Range USA – Blue Ash and Range USA – Cincy West during firearm purchases on October 24, October 25, and October 26, 2023. This telephone number was documented on an ATF Form 4473 at the time of purchase.

38.   MOORMAN provided telephone number ████ 6252 to Range USA – Cincy West during purchases on October 16, and October 19, 2023.  MOORMAN provided the same telephone number to Target World during a purchase on October 26, 2023.  This telephone number was documented on an ATF Form 4473 at the time of purchase.

39.   On November 8, 2023, I queried a database available to law enforcement for the **Target Cell Phone** and ████ 6252.  Each of these numbers had been documented on the ATF Form 4473 during the time of purchase of firearms by MOORMAN.  During this query, I determined that both telephone numbers are associated with MOORMAN.

40.   MOORMAN provided the email address tjm.moorman@gmail.com to Range USA – Cincy West during the purchase of firearms on October 24, 2023.  MOORMAN provided the same email address to Target World during a purchase on October 26, 2023, which was documented on the completed ATF Form 4473.

41.   MOORMAN provided the email address moorman1212@gmail.com to Range USA – Cincy West during the purchase of firearms on October 16 and October 19, 2023, which was documented on the ATF Form 4473s.

42.   Based on the fact MOORMAN provided the **Target Cell Phone** and another telephone number, and email addresses during multiple purchases of firearms, I believe

13

MOORMAN has access to and uses cellular telephones, computers, and/or other electronic devices capable of electronic communication.

> **I.      Surveillance video from Range USA shows TIMOTHY MOORMAN operating a white Jeep Compass SUV.**

43.      I have reviewed surveillance video provided to me by Range USA related to the firearm purchases by MOORMAN.  In these videos, I saw MOORMAN arrive and depart Range USA driving a white newer model Jeep Compass, which I believe is the 2022 Jeep Compass. MOORMAN is on video operating the Jeep Compass before and after the purchases from two Range USA locations on October 16, 2023, October 19, 2023, and October 24 through October 26, 2023.

44.      Based on the fact that MOORMAN used a white Jeep Compass during the firearms purchases at Range USA, ███████████████████████████████ ███████████████████████████████████ and the fact that a white 2022 Jeep Compass is registered to a business at ████████ Road, Cincinnati, OH, I believe MOORMAN has control of and uses the Jeep Compass

> **J.      Electronic surveillance information for the Target Cell Phone and telephone number ██████ 6252 was received on November 9, 2023.**

45.      On November 9, 2023, a court order was submitted to Verizon for electronic monitoring, by means of a Pen Register / Trap & Trace (PRTT), of the **Target Cell Phone** was issued by the United States District Court for the Southern District of Ohio.  On the same date, grand jury subpoena for subscriber information and historical call detail records was requested for this telephone number.

46.     I have reviewed the calls placed to and from the **Target Cell Phone**. I observed calls made to and from the **Target Cell Phone** with a telephone number known to be used by Individual 1 on November 9, 2023, through November 12, 2023.

47.     On November 9, 2023, a court order was submitted to AT&T for electronic monitoring, by means of a PRTT, of telephone number ████6252, was issued by the United States District Court for the Southern District of Ohio. On the same date, a grand jury subpoena for subscriber information and historical call detail records was requested for this telephone number.

48.     On November 9, 2023, AT&T responded with subscriber information and historical call detail records for telephone number ████6252. I reviewed the subscriber information, and spoke with a representative from AT&T, and determined the account for telephone number ████6252 was cancelled on October 7, 2023. The subscriber information for telephone number ████6252 was in the name of "Timothy Moorman" at the address of ████ Road, Cincinnati, OH. Because the account was cancelled on October 7, 2023, the PRTT was never activated.

49.     I believe based on MOORMAN providing the **Target Cell Phone** as his telephone number during multiple firearms purchases; ████████████ ████████████████████████████ ████████████████████ (the **Target Cell Phone**), which was corroborated by the records received during this investigation; and that a court ordered electronic surveillance has documented activity between the **Target Cell Phone** and Individual 1, that MOORMAN currently utilizes the **Target Cell Phone**.

15

50.     I also believe that violations of 18 U.S.C. § 922(a)(6) – False Statement During Purchase of a Firearm has been committed by MOORMAN. My belief is based on my training and experience; my knowledge that firearms MOORMAN purchased in Cincinnati were recovered in ▮▮▮▮ a short time after MOORMAN made the purchase; my knowledge that MOORMAN purchased several firearms in a short time period; and my knowledge that MOORMAN, while purchasing firearms, certified on the ATF Form 4473s that he was not acquiring firearms on behalf of another person. I further believe that the location information for the **Target Cell Phone** will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of the offenses.

51.     In my training and experience, I have learned that Verizon is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records**.**  E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas.  Furthermore, the tower closest to a wireless device does not necessarily

serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

52. Based on my training and experience, I know that Verizon can collect E-911 Phase II data about the location of the **Target Cell Phone**, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available.

53. Based on my training and experience, I know that Verizon can collect cell-site data about the **Target Cell Phone**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Verizon typically collect and retain cell-site data and specialized location data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to further identify the **Target Cell Phone's** user or users, to assist law enforcement in surveilling the **Target Cell Phone's** user during the commission of violations of the Target Offenses, to show where the **Target Cell Phone's** user was at certain times relevant to the investigation, and to provide evidence of locations used by the suspect (such as residences, stash houses, or meeting locations).

## AUTHORIZATION REQUEST

54.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

55.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.  *See* 18 U.S.C. § 3103a(b)(1).  As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property.  *See* 18 U.S.C. § 3103a(b)(2).  Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.  *See* 18 U.S.C. § 3103a(b)(2).

56.     I further request that the Court direct Verizon to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Verizon.  I also request that the Court direct Verizon to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available, and at

18

such intervals and times directed by the government. The government shall reasonably compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

57.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Cell Phone** outside of daytime hours.

58.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

*Derek Graham*

Derek Graham
Special Agent
Bureau of Alcohol, Tobacco Firearms and
Explosives

Subscribed and sworn to before me via FaceTime video conference on November 14, 2023

*Stephanie K. Bowman*

HON. STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE

19

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number ███████ 3019, with an unknown subscriber **(TARGET CELL PHONE)**, whose wireless service provider is Verizon, a company that accepts service of legal process at 180 Washington Valley Road, Bedminster, NJ 07921.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of Verizon, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

<u>**ATTACHMENT B**</u>

**Particular Things to be Seized**

## I.      **Information to be Disclosed by the Provider**

1. *Historical and Subscriber Information*. To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under <u>18 U.S.C. § 2703(f)</u>, the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period **September 1, 2023, to present**:

   a.   The following information about the customers or subscribers of the Account:

      i.   Names (including subscriber names, user names, and screen names);
      ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
      iii. Local and long distance telephone connection records;
      iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
      v.   Length of service (including start date) and types of service utilized;
      vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
      vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

   b.   All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i.   the date and time of the communication, the method of the communication, and the source and destination of the communication – i.e., call detail records - and records of data events across all networks (3G, 4G, 5G)
      ii.  All historical location information, including data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and

"sectors" (i.e., faces of the towers) received a radio signal from the Account for the time period **September 1, 2023 to present**. Included is any specialized location data commonly referred to as Network Element Location Service (NELOS), AriesoGeo, Per Call Measurement Data (PCMD), Real Time Tool (RTT), and/or Timing Advance/TruCall.

c. The Provider shall deliver the information set forth above within **3 days** of the service of this warrant and the PROVIDER shall send the information via facsimile or United States mail, and where maintained in electronic form, on CD-ROM or an equivalent electronic medium, to:

> Bureau of Alcohol, Tobacco, Firearms & Explosives
> 550 Main Street, Ste 8-491
> Cincinnati, OH 45202
> Fax: 513-684-6359

2. *Prospective Location Information*. The Provider shall provide all prospective location information about the location of the Target Cell Phone described in Attachment A for a period of **thirty days**, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A. To the extent that the location information is within the possession, custody, or control of Provider, Provider is required to disclose the Location Information to the government. In addition, Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

3. *Prospective Pen-Trap Information*. Pursuant to 18 U.S.C. § 3123, the ATF may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone identified in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

- IP addresses associated with the cell phone device or devices used to send or receive electronic communications
- Identity of accounts that are linked by creation IP address, recovery email, telephone number, or other identifiers
- Identity of all accounts that are linked to the account by cookies

2

- Any unique identifiers associated with the cell phone device or devices used to make and receive calls with the cell phone identified in Attachment A, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN
- IP addresses of any websites or other servers to which the cell phone device or devices connected
- Source and destination telephone numbers and email addresses
- "Post-cut-through dialed digits," which are digits dialed after the initial call set up is completed, subject to the limitations of 18 U.S.C. § 3121(c)

Pursuant to 18 U.S.C. § 3123(c)(1), the use and installation of the foregoing is authorized for **thirty days** from the date of this Order. Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

## II.    Information to be Seized by the Government

1.    All information described above in Section I that constitutes evidence of violations of 18 U.S.C. §§ 922(a)(6) (False Statement During Purchase of a Firearm) by TIMOTHY MOORMAN, and other known and unknown coconspirators.

This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2).

Pursuant to 2703(g), the presence of an agent is not required for service or execution of this warrant.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

3

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

□ Original    □ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No.  1:23-MJ-00927 |
| THE CELLULAR TELEPHONE ASSIGNED CALL | ) | |
| NUMBER ▮▮▮▮3019 | ) | |
| | ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ New Jersey _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____ November 28, 2023 _____ *(not to exceed 14 days)*
□ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Duty Magistrate Judge _____ .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for _30_ days *(not to exceed 30)*   □ until, the facts justifying, the later specific date of _____ .

Date and time issued:   **10:15 AM, Nov 14, 2023**         *Stephanie K. Bowman*
                                                      *Judge's signature*

City and state:   Cincinnati, Ohio         Hon. Stephanie K. Bowman, U.S. Magistrate Judge
                                                      *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  1:23-MJ-00927 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number ████ 3019, with an unknown subscriber **(TARGET CELL PHONE)**, whose wireless service provider is Verizon, a company that accepts service of legal process at 180 Washington Valley Road, Bedminster, NJ 07921.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of Verizon, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## <u>ATTACHMENT B</u>

### Particular Things to be Seized

## I.   Information to be Disclosed by the Provider

1.  *Historical and Subscriber Information*. To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period **September 1, 2023, to present**:

    a.  The following information about the customers or subscribers of the Account:

        i.   Names (including subscriber names, user names, and screen names);
        ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
        iii. Local and long distance telephone connection records;
        iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        v.   Length of service (including start date) and types of service utilized;
        vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
        viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

    b.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

        i.   the date and time of the communication, the method of the communication, and the source and destination of the communication – i.e., call detail records - and records of data events across all networks (3G, 4G, 5G)
        ii.  All historical location information, including data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and

"sectors" (i.e., faces of the towers) received a radio signal from the Account for the time period **September 1, 2023 to present**. Included is any specialized location data commonly referred to as Network Element Location Service (NELOS), AriesoGeo, Per Call Measurement Data (PCMD), Real Time Tool (RTT), and/or Timing Advance/TruCall.

c. The Provider shall deliver the information set forth above within **3 days** of the service of this warrant and the PROVIDER shall send the information via facsimile or United States mail, and where maintained in electronic form, on CD-ROM or an equivalent electronic medium, to:

> Bureau of Alcohol, Tobacco, Firearms & Explosives
> 550 Main Street, Ste 8-491
> Cincinnati, OH 45202
> Fax: 513-684-6359

2. *Prospective Location Information*. The Provider shall provide all prospective location information about the location of the Target Cell Phone described in Attachment A for a period of **thirty days**, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A. To the extent that the location information is within the possession, custody, or control of Provider, Provider is required to disclose the Location Information to the government. In addition, Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

3. *Prospective Pen-Trap Information*. Pursuant to 18 U.S.C. § 3123, the ATF may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone identified in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

- IP addresses associated with the cell phone device or devices used to send or receive electronic communications
- Identity of accounts that are linked by creation IP address, recovery email, telephone number, or other identifiers
- Identity of all accounts that are linked to the account by cookies

2

- Any unique identifiers associated with the cell phone device or devices used to make and receive calls with the cell phone identified in Attachment A, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN
- IP addresses of any websites or other servers to which the cell phone device or devices connected
- Source and destination telephone numbers and email addresses
- "Post-cut-through dialed digits," which are digits dialed after the initial call set up is completed, subject to the limitations of 18 U.S.C. § 3121(c)

Pursuant to 18 U.S.C. § 3123(c)(1), the use and installation of the foregoing is authorized for **thirty days** from the date of this Order. Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

## II.     Information to be Seized by the Government

1.     All information described above in Section I that constitutes evidence of violations of 18 U.S.C. §§ 922(a)(6) (False Statement During Purchase of a Firearm) by TIMOTHY MOORMAN, and other known and unknown coconspirators.

This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2).

Pursuant to 2703(g), the presence of an agent is not required for service or execution of this warrant.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means ☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) Case No. 1:23-MJ-00927 |
| THE CELLULAR TELEPHONE ASSIGNED CALL | ) |
| NUMBER ▮▮▮▮-3019 | ) |
| | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____New Jersey_____ *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____November 28, 2023_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Duty Magistrate Judge_____ .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☑ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: **10:15 AM, Nov 14, 2023**      *Stephanie K. Bowman*
      *Judge's signature*

City and state: Cincinnati, Ohio      Hon. Stephanie K. Bowman, U.S. Magistrate Judge
      *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>1:23-MJ-00927 | Date and time warrant executed:<br>11/14/2023 12:27 p.m. | Copy of warrant and inventory left with:<br>Emailed to Verizon LE Service |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

Prospective records and historical records related to telephone number 513-582-3019 provided in digital format.

| **Certification** |
|---|

> I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:   March 12, 2024

_____
*Executing officer's signature*

Derek Graham, ATF Special Agent
_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number ███████-3019, with an unknown subscriber **(TARGET CELL PHONE)**, whose wireless service provider is Verizon, a company that accepts service of legal process at 180 Washington Valley Road, Bedminster, NJ 07921.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of Verizon, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

**I.**     **Information to be Disclosed by the Provider**

1.  *Historical and Subscriber Information*. To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period **September 1, 2023, to present**:

    a.  The following information about the customers or subscribers of the Account:

        i.    Names (including subscriber names, user names, and screen names);
        ii.   Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
        iii.  Local and long distance telephone connection records;
        iv.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
        v.    Length of service (including start date) and types of service utilized;
        vi.   Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
        vii.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
        viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

    b.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

        i.    the date and time of the communication, the method of the communication, and the source and destination of the communication – i.e., call detail records - and records of data events across all networks (3G, 4G, 5G)
        ii.   All historical location information, including data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and

"sectors" (i.e., faces of the towers) received a radio signal from the Account for the time period **September 1, 2023 to present**. Included is any specialized location data commonly referred to as Network Element Location Service (NELOS), AriesoGeo, Per Call Measurement Data (PCMD), Real Time Tool (RTT), and/or Timing Advance/TruCall.

c. The Provider shall deliver the information set forth above within **3 days** of the service of this warrant and the PROVIDER shall send the information via facsimile or United States mail, and where maintained in electronic form, on CD-ROM or an equivalent electronic medium, to:

> Bureau of Alcohol, Tobacco, Firearms & Explosives
> 550 Main Street, Ste 8-491
> Cincinnati, OH 45202
> Fax: 513-684-6359

2. *Prospective Location Information*. The Provider shall provide all prospective location information about the location of the Target Cell Phone described in Attachment A for a period of **thirty days**, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A. To the extent that the location information is within the possession, custody, or control of Provider, Provider is required to disclose the Location Information to the government. In addition, Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

3. *Prospective Pen-Trap Information*. Pursuant to 18 U.S.C. § 3123, the ATF may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone identified in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

   - IP addresses associated with the cell phone device or devices used to send or receive electronic communications
   - Identity of accounts that are linked by creation IP address, recovery email, telephone number, or other identifiers
   - Identity of all accounts that are linked to the account by cookies

2

- Any unique identifiers associated with the cell phone device or devices used to make and receive calls with the cell phone identified in Attachment A, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN
- IP addresses of any websites or other servers to which the cell phone device or devices connected
- Source and destination telephone numbers and email addresses
- "Post-cut-through dialed digits," which are digits dialed after the initial call set up is completed, subject to the limitations of 18 U.S.C. § 3121(c)

Pursuant to 18 U.S.C. § 3123(c)(1), the use and installation of the foregoing is authorized for **thirty days** from the date of this Order. Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

## II.     Information to be Seized by the Government

1.    All information described above in Section I that constitutes evidence of violations of 18 U.S.C. §§ 922(a)(6) (False Statement During Purchase of a Firearm) by TIMOTHY MOORMAN, and other known and unknown coconspirators.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

Pursuant to 2703(g), the presence of an agent is not required for service or execution of this warrant.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

3